**COMMONWEALTH OF the NORTHERN MARIANA ISLANDS,
Plaintiff–Appellee,**

v.

**Ismael MAGOFNA,
Defendant–Appellant.**

No. 87–1324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1988.

Memorandum Disposition Filed Aug. 2, 1988 (ordering limited remand).

Submission Withdrawn Oct. 16, 1989.

Resubmitted Sept. 18, 1990.

Decided Nov. 16, 1990.

Marybeth Herald, Fitzgerald, Herald & Bergsma, Saipan, CM, for defendant-appellant.

Raymond D. Buso, Asst. Atty. Gen., Saipan, CM, for plaintiff-appellee.

Before CHOY, GOODWIN and NORRIS, Circuit Judges.

CHOY, Circuit Judge:

Ismael Magofna appeals from a conviction of assault and battery. The only question remaining on this appeal is whether the jury trial statute of the Commonwealth of the Northern Mariana Islands (NMI), 7 CMC § 3101(a), requires that all charges in the same proceeding be submitted to the jury once one charge entitles a defendant to a jury trial. We affirm the appellate division's holding that it does not.

## STANDARD OF REVIEW

■ We review de novo the appellate division's interpretation of local law. *Guam v. Yang*, 850 F.2d 507, 511, n. 7 (9th Cir.1988).

## BACKGROUND

This case arises from a fight that occurred on August 11, 1986, in the Commonwealth of the Northern Mariana Islands. Ismael Magofna, the defendant, and Angel Fatig entered a small store in San Antonio, Saipan. The owner, Jose Ulloa, was absent. Magofna and Fatig bought beer from Ulloa's two teenage nieces who were tending the store.

Soon after, Ulloa returned with a friend. Fatig confronted Ulloa. Ulloa told Magofna and Fatig to drink their beers outside. When they failed to obey, Ulloa tried to walk past Magofna who was standing in front of the door. Magofna would not move so Ulloa tried to push him out of the way. At that point, Magofna allegedly hit Ulloa in the face with a beer can and pushed him to the floor. Magofna and Fatig then began hitting and kicking Ulloa. Eventually, Ulloa's friend, with the help of two passersby, grabbed Fatig and removed him from the store.

Meanwhile, the nieces left to call the police. One niece returned to the store and saw Ulloa and Magofna on opposite sides of the store. She allegedly saw Magofna cross the room and strike Ulloa with a soy sauce bottle. Ulloa remained conscious and told Magofna to leave. Magofna allegedly responded by throwing a whiskey bottle at Ulloa.

The Commonwealth charged Magofna in an information with three counts of criminal conduct arising from the incident. The first count charged Magofna with assault, for throwing the whiskey bottle; the second with assault and battery, for hitting Ulloa with a beer can and kicking him; and the third with assault with a deadly weapon, for striking Ulloa with the soy sauce bottle.

A jury was impaneled to decide solely the issue of assault with a deadly weapon. The other two charges were tried to the judge in the same proceeding.

The jury acquitted Magofna of the assault with a dangerous weapon charge (the soy sauce bottle count) and the lesser included offense of assault and battery. The

judge convicted Magofna of the assault and battery charge stemming from the beer can and kicking incidents but acquitted Magofna of the assault charge stemming from the whiskey bottle incident.

On appeal to the United States District Court for the Northern Mariana Islands, Appellate Division, Magofna claimed that the judge actually submitted the same assault and battery charge to the jury that was reserved for the judge. He argued that since the jury considered and acquitted him of the same assault and battery charge for which the district court convicted him, his conviction violated the Fifth Amendment's double jeopardy clause. He also asserted that NMI's jury trial statute required all charges to be submitted to the jury if any one charge entitled the defendant to a jury trial.

The appellate division denied his appeal, finding that the judge and jury did not consider the same assault and battery charge. It did not address Magofna's statutory argument.

Magofna then appealed to this court. In a memorandum disposition filed August 2, 1988, 855 F.2d 860, we affirmed the appellate division's decision finding no double jeopardy violation. We ordered a limited remand on the statutory question, however, in order to allow the appellate division an opportunity to address the issue.

On limited remand, the appellate division rejected Magofna's statutory argument.[1] We now consider the statutory question raised by Magofna and affirm.

## ANALYSIS

7 CMC § 3101(a) states, in relevant part:

Any person accused by information of committing a felony punishable by more than five years imprisonment or by more than $2,000 fine, or both, shall be entitled to a trial by jury of six persons.

The appellate division found the statute to be ambiguous, since the statute says neither that when trial by jury is required on one count, it shall be on that count only, nor that when trial by jury is required on one count the right shall extend to all counts in the information. Finding no help in the legislative history, the appellate division surveyed the history of the right to jury trial in the NMI, concluding that the right is a limited one. Citing the CNMI Constitution, the Covenant, and this court's decision in *CNMI v. Atalig,* 723 F.2d 682 (9th Cir.1984) the appellate division noted that "whether and under what circumstances (the jury trial) right will be extended shall be the exclusive province of the legislature." In light of this history, the appellate division concluded that the interpretation more restrictive of the right to jury trial was the correct interpretation.

We agree with the appellate division that the statute is unclear. It says neither that when trial by jury is required on one count, it shall be on that count only, nor that when trial by jury is required on one count the right shall extend to all counts in the information. Because the language is unclear, our task is to interpret the statute with the goal of carrying out the general policy of the legislation. *See generally* Sutherland, *Statutory Construction* § 45.09 (4th Ed.). Since there is no legislative history of section 3101 itself, we turn to the history in the NMI of the right to jury trial generally.[2]

1. By an order of this court filed October 16, 1989, the case was withdrawn from submission pending resolution of whether the Ninth Circuit retained jurisdiction over appeals from the appellate division of the NMI. In July, 1990 a Ninth Circuit panel, in an amended opinion, upheld the jurisdiction of this circuit over appeals properly filed from any final order, entered before May 2, 1989, of the appellate division of the district court. *See Wabol v. Villacrusis,* 898 F.2d 1381 (9th Cir.1990). The appellate division in this case entered a final order affirming Magofna's conviction on October 16,

1987, and Magofna timely appealed. Therefore, this court has jurisdiction and must now proceed with the disposition of this appeal.

2. The NMI is part of the Trust Territory of the Pacific Islands which the United States has administered as a United Nations Trusteeship since 1947. Between September 1969 and April 1972 the NMI and the other areas of the Trust Territory collectively negotiated with the United States concerning the future status of the Trust Territory. In 1972, the United States agreed to conduct separate status negotiations with the

■ The right to jury trial in the NMI is manifestly a limited one. Before 1965, there was no right to trial by jury in the Trust Territory. In August of 1965, the First Congress of Micronesia enacted PL 1–7 which established the right to jury trial, conditioned on local adoption by district legislatures. In 1966, the NMI District Legislature adopted the jury trial provisions of the Trust Territory Code. *See* 7 CMC § 3101 Commission Comment. Section 501(1) of the Trust Territory Code contained the same language as 7 CMC section 3101.

When the United States and the NMI entered into the covenant to establish a commonwealth (the "Covenant") in 1975, the question of the right to jury trial was expressly the subject of negotiations. These negotiations culminated in section 501(a) of the Covenant, which provides, in pertinent part: "(N)either trial by jury nor indictment by grand jury shall be required in any civil action or criminal prosecution based on local law, except where required by local law."

The CNMI Constitution, which took effect on the same day as the Covenant, states: "The legislature may provide for trial by jury in criminal or civil cases." CNMI Constitution, Art. I, § 8.

In 1976, the legislature considered adopting a constitutional amendment guaranteeing the right to trial by jury in the NMI. The committee debate which considered and rejected the amendment contains the most explicit statement of the policy concerns surrounding jury trials:

> The Committee does not want to guarantee the right to trial by jury in all cases in the Northern Mariana Islands because of the expenses associated with juries, the difficulty of finding jurors unacquainted with the facts of a case, and the fear that the small, closely-knit population in the Northern Mariana Islands might lead to acquittals of guilty persons in criminal cases. Nonetheless, the Committee believes that in some

cases, especially in those where defendants face serious criminal charges and long terms of imprisonment, the right to jury trial should be guaranteed.

> Report No. 4 of the Committee on Personal Rights and Natural Resources (Oct. 29, 1976), reprinted in Vol. II, Journal of the Northern Mariana Islands Constitutional Convention 506 (1976).

In the absence of a clear directive from the legislature, two factors militate against expanding the jury trial right in cases such as ours. The first factor is the legislature's expressed concern about jury trials leading to unjust acquittals, given the character of Mariana Islands society. The second factor is the provision on jury trials contained in section 501(a) of the covenant.

Magofna contends that the policies behind section 3101 limiting jury trials are simply not implicated by sending lesser charges to the jury once it has already been impaneled to try more serious charges. We disagree. Appellees' argument would be persuasive if the sole concern reflected in section 3101 were the problem of impaneling a jury in a small island community.

In addition, the restriction on the right to jury trial in the NMI reflects broader concerns. In such a small community where so many languages are spoken, ensuring juror comprehension in all stages of the proceedings may be a significant problem. Simultaneous adjudication has the virtue of simplifying the process by reducing the number of counts and issues presented to the jury. Reducing the number of counts and accordingly the amount of evidence involved is a practical way to reduce the burden on the court and the parties in ensuring juror comprehension.

This court's decision in *Atalig* recognized that the imposition of Anglo–American jury trial procedures may be "inappropriate in territories having cultures, traditions, and institutions different from our own." *Atalig*, 723 F.2d at 690. Accordingly, *Atalig* suggests a policy of deference in

NMI. These negotiations culminated in the signing, in 1975, of the Covenant to grant the

NMI commonwealth status.

reviewing NMI jury trial procedures in order to allow "(a)ccommodation of the particular social and cultural conditions" of the NMI. *Id.* On the basis of the foregoing evidence of the CNMI legislature's policy on this issue, and until the legislature expressly states otherwise, we hold that 7 CMC section 3101 means that when trial by jury is required on one count, it shall be on that count only. The judgment of the appellate division is therefore AFFIRMED.